IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

EDMUND AWAH                           :
                                      :
v.                                    :   Civil No. WMN-06-1899
                                      :
AMSHER COLLECTION SERVICES, INC.:

**MEMORANDUM**

Plaintiff Edmund Awah, proceeding <u>pro se</u>, filed this action in the District Court for Baltimore City.  The Complaint, in its entirety, reads as follows:

> Defendant filed a negative report on my credit file.  The report was fraught with material misrepresentations and fraudulent intent.  This is in violation of my consumer rights under FTC rules and federal law.  A punitive and compensatory relief is sought.

Plaintiff requests $25,000 as damages.  Defendant Amsher Collection Services, Inc. removed the action to this Court, filed and Answer, and then filed a Motion for Judgment on the Pleadings.  Paper No. 15.  Noting that Plaintiff's claim references fraudulent misrepresentations, Defendant argues that Plaintiff has failed to assert that claim with the particularity required under Rule 9 of the Federal Rules of Civil Procedure. <u>See</u> <u>Harrison v. Westinghouse Savannah River Co.</u>, 176 F.3d 776, 784 (4th Cir. 1999) (holding that "the 'circumstances' required to be pled with particularity under Rule 9(b) are 'the time, place, and contents of the false representations, as well as the identity of the person making the misrepresentation and what he obtained thereby.'") (quoting 5 Charles Alan Wright and Arthur R. Miller, <u>Federal Practice and Procedure: Civil</u> § 1297 at 590 (2d

ed. 1990)).

In response to the motion, Plaintiff submitted a series of letters that reveal an ongoing customer service and billing dispute that he had with his mobile telephone service provider, T-Mobile.  From these letters, it appears that T-Mobile asserted that Plaintiff had an outstanding mobile phone bill of over $500.  Plaintiff believes that he is entitled to offset far more than that amount because of damages his taxicab business suffered as a result of poor mobile telephone service.  When Plaintiff refused to pay T-Mobile the amount T-Mobile asserted that Plaintiff owed, T-Mobile turned the bill over to a collection agency that, the Court assumes, must have then referred to Defendant.

While these letters provide some understanding of the dispute, the Court notes that the Complaint contains none of this information.  As it stands, the Complaint simply does not state a cause of action for fraudulent misrepresentation.  Furthermore, although Defendant anticipates in its Answer the federal statutes to which Plaintiff might be referring, the Complaint does not specify what "FTC rules" or "federal law" might be implicated by Defendant's conduct.  Therefore, while the Court will not enter judgment on the pleadings, it will dismiss the claim for failure to state a claim.  This dismissal will be without prejudice, however, and Plaintiff will be permitted to amend his complaint to properly identify the particular circumstances of the alleged misrepresentation and to identify the statute that he alleges Defendant violated, if he is able to do so.

A separate order consistent with this memorandum will issue.

                                              /s/
                                  _____
                                  William M. Nickerson
                                  Senior United States District Judge

Dated: December 19, 2006