```
          IN THE UNITED STATES DISTRICT COURT
             FOR THE DISTRICT OF MARYLAND
```

EDMUND AWAH                         :
                                    :
v.                                  :   Civil No. WMN-06-1899
                                    :
AMSHER COLLECTION SERVICES, INC.:

## MEMORANDUM

Plaintiff Edmund Awah, proceeding pro se, filed this action in the District Court for Baltimore City.  The Complaint alleged generally that the Defendant Amsher Collection Services, Inc. filed a report on Plaintiff's credit file that was "fraught with material misrepresentations and fraudulent intent" and "in violation of his consumer rights under FTC rules and federal law."  Defendant removed the action to this Court, filed an Answer, and then filed a Motion for Judgment on the Pleadings.  On December 19, 2006, the Court denied Defendant's Motion for Judgment, but did dismiss the Complaint, noting that Plaintiff had failed to identify the particular federal statutes on which his claim was based and, to the extent he was attempting to assert a misrepresentation claim, failed to provide sufficient particularity.  The dismissal was without prejudice and the Court gave Plaintiff fifteen days in which to file an amended complaint.

Plaintiff did not file his Amended Complaint until January 5, 2007, two days after the time allowed by the Court for doing

so expired.[1]  In his Amended Complaint, Plaintiff clarified that he was bringing this action pursuant to 15 U.S.C. § 1681s-2(a)(1).[2]  Am. Compl. ¶ 3; see also Opp. at 2 ("To fully clarify the cause of action in this matter and the violation for which relief is sought, Plaintiff now refers to the Fair Credit Reporting Act [FCRA], section 623, Responsibilities of Furnishers of Information to Consumer Reporting Agencies [15 U.S.C. § 1681s-2].")  Defendant answered the Amended Complaint, Paper No. 25, and again moved for judgment on the pleadings.  Paper No. 26.  The Court concludes that it must grant this motion as the allegations in the Amended Complaint do not state a claim under § 1681s-2.

Subpart (1)(A) of subsection 1681s-2(a) makes it unlawful for a furnisher of information to consumer reporting agencies (CRAs) to furnish information that the furnisher knows or has reasonable cause to believe is inaccurate.  15 U.S.C. § 1681s-2(a)(1)(A).  Subpart (1)(B) of that subsection makes it unlawful for a furnisher to "furnish information . . . to any consumer

---

[1] Because the Court finds that the Amended Complaint must be dismissed for other reasons, it need not consider the implications of Plaintiff's failure to timely file.

[2] Plaintiff states that Defendant has violated "15 U.S.C. section 1681s-2(a)(1)(C) and 15 U.S.C. section 1681s-2(a)(1)(A)." The Court assumes that Plaintiff intended to cite 15 U.S.C. §§ 1681(a)(1)(A) and (B).  It makes no real difference, however, since, as explained below, there is no private right of action for a consumer under any subpart of subsection (a).

reporting agency if . . . the [furnisher] has been notified by the consumer . . . that [the] specific information is inaccurate . . . and . . . the information is, in fact, inaccurate." Id. § 1681s-2(a)(1)(B).  The Amended Complaint alleges that Defendant filed an inaccurate report despite Plaintiff having repeatedly informed Defendant of the inaccuracy and thus, Plaintiff at least arguably identifies a violation of 15 U.S.C. § 1681s-2(a).

The FCRA also provides, however, that the provisions of subsection (a) of § 1681s-2 are to be "enforced exclusively . . . by the Federal agencies and officials and [certain] State officials . . . ." 15 U.S.C. § 1681s-2(d).  Looking to this language, courts have consistently held that a consumer has no private right of action for a violation of subsection (a). Nelson v. Chase Manhattan Mtg. Corp., 282 F.3d 1057, 1059 (9th Cir. 2002); Elmore v. North Fork Bancorporation, Inc., 325 F. Supp. 2d 336, 339 (S.D.N.Y. 2004); Stafford v. Cross Country Bank, 262 F. Supp. 2d 776, 782-83 (W.D. Ky. 2003).  Thus, to the extent Plaintiff attempts to bring an action for a violation of § 1681s-2(a), his claim must fail.

Because Plaintiff's opposition to the renewed motion for judgment on the pleadings refers more generally to § 1681s-2, the Court will also consider whether the allegations in the Amended Complaint could support a claim under subsection (b) of § 1681s-2.  Unlike a violation of subsection (a), a violation of

subsection (b) can be remedied by a private cause of action brought by the consumer.  See Nelson, 282 F.3d at 1060.  Under subsection (b), a furnisher of information to a CRA is required to take certain actions once it receives notice of a dispute with regard to the completeness or accuracy of information it had previously provided.  15 U.S.C. § 1681s-2(b)(1).  The statute is clear, however, that the notice to the furnisher must come from the CRA, and not from the consumer.  See id. § 1681s-2(b)(1) (stating that duties arise "[a]fter receiving notice pursuant to section 1681i(a)(2)") and id. § 1681i(a)(2) (requiring a CRA that is notified by a consumer that information in its files is disputed to notify the furnisher of the information of the dispute).  Because Plaintiff does not allege that Defendant received the requisite notice from a CRA, the Court concludes that Plaintiff's allegations do not support a claim under subsection (b) and the Amended Complaint must be dismissed.

   While this result may seem hyper-technical and unfair, it has been noted that the FCRA was "drawn with extreme care, reflecting the tug of the competing interests of consumers, CRAs, furnishers of credit information, and users of credit information [and i]t is not for a court to remake the balance struck by Congress."  Nelson, 282 F.3d at 1060.  As the Ninth Circuit Court of Appeals explained that balance:

> It can be inferred from the structure of the statute that Congress did not want furnishers

>           of credit information exposed to suit by any
>           and every consumer dissatisfied with the
>           credit information furnished.  Hence,
>           Congress limited the enforcement of the
>           duties imposed by § 1681s-2(a) to
>           governmental bodies.  But Congress did
>           provide a filtering mechanism in § 1681s-2(b)
>           by making the disputatious consumer notify a
>           CRA and setting up the CRA to receive notice
>           of the investigation by the furnisher.  See
>           15 U.S.C. § 1681i(a)(3) (allowing CRA to
>           terminate reinvestigation of disputed item if
>           CRA "reasonably determines that the dispute
>           by the consumer is frivolous or irrelevant").
>           With this filter in place and opportunity for
>           the furnisher to save itself from liability
>           by taking the steps required by § 1681s-2(b),
>           Congress put no limit on private enforcement.
>           . . .

Id.

   A separate order consistent with this memorandum will issue.


                                        /s/
                              _____
                              William M. Nickerson
                              Senior United States District Judge

Dated: May 15, 2007

5